## FLEISCHMANN MFG. CO. v. IRWIN, Collector of Internal Revenue.

(District Court, S. D. New York. June 29, 1923.)

1. **Internal revenue ⬦12—Removing percipitate, in gin held "rectification" not accompanying redistillation, subjecting owner to tax.**

Where, prior to the date the Revenue Act of 1917 went into effect, plaintiff had a large quantity of manufactured gin in a bonded warehouse, and on adding water to reduce the proof a cloudy precipitate formed, removing this precipitate by filtration was a rectification not accompanying redistillation, and hence was not within section 304 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 5986c), exempting from the 15 cent tax gin rectified in the process of redistillation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rectification.]

2. **Internal revenue ⬦12—Rectification by placing berries in spirits held to subject owner to tax.**

Where gin was rectified by placing berries in pure spirits, which was then boiled and redistilled, the process was not within section 304 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 5986c), exempting from the 15 cent tax "gin produced by the redistillation of a pure spirit over juniper berries and other aromatics."

At Law. Action by the Fleischmann Manufacturing Company against Roscoe Irwin, Collector of Internal Revenue. Judgment for defendant.

Cooke & Beneman, of Washington, D. C. (Levi Cooke, of Washington, D. C., of counsel), for plaintiff.

William Hayward, U. S. Atty., of New York City (Nelson T. Hartson, Solicitor of Internal Revenue, and Malcolm A. Coles, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Victor House, Asst. U. S. Atty., of New York City, of counsel), for defendant.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

AUGUSTUS N. HAND, District Judge. This is an action to recover a tax of 15 cents per gallon on gin manufactured by the plaintiff, paid under protest. The sum so sought to be recovered is $28,343.29 and interest.

[1] The Revenue Act of 1917 went into effect October 4th of that year. Prior to that date the plaintiff had manufactured a large quantity of gin and stored it in barrels at 140 proof in a bonded warehouse. It was then taken from the warehouse and the distiller's tax paid, and taken to a reducing house, where distilled water was added to reduce it from 140 to 95 proof. The addition of the water threw the essential oils out of solution. It was then pumped to the top floor of the building, into a Kiefer filter, and the cloudy precipitate caused by these oils was removed by the filtration. This last process was a rectification not accompanying redistillation. It was different from a mere straining out of foreign matter, such as the particles of charcoal referred to in the case of Mayes v. Paul Jones & Co. (C. C. A.) 270 Fed. 121, but was the removal of a chemical substance originally integral with the gin.

The exemption under section 304 of the Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 5986c) of "gin produced by the redistillation of a pure spirit over juniper berries and other aromatics" from the 15 cent tax relates only to gin rectified in the process of redistillation and not to a separate process of rectification after the gin is produced.

[2] Moreover, I think there was in the process used in this case no redistillation "over juniper berries and other aromatics." The vapors did not pass over or through the berries, but the berries were here placed in the pure spirits and boiled, and the redistillation followed. The method of redistillation does not come within the terms of the proviso, and there was also a rectification subsequent to and independent of the redistillation.

The plaintiff, therefore, cannot recover the tax.